962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael FARLIN; Carl K. Kummerlowe; Corey Karstetter;
James J. Hamm, Plaintiffs-Appellants,
v.
Samuel A. LEWIS, Director, Defendant-Appellee.
 No. 91-15480.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided May 8, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Plaintiffs-appellants are Arizona state inmates who cross-appeal pro se the district court's grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 The inmates challenge the Arizona Department of Corrections ("ADOC") policy requiring inmate numbers on incoming mail. Prior to this litigation, mail that did not contain an inmate number, as well as mail addressed to inmates no longer at the institution, was returned to the sender with a stamp stating "NEED INMATE NUMBER" or "NOT AT THIS INSTITUTION." There was no explanation of how the sender could get the inmate number, and inmates were not notified that mail addressed to them had been returned to the sender. The inmates alleged this violated their first amendment rights.
 
 
 4
 The district court agreed. However, instead of striking down the numerical mail delivery system, the court determined there was an alternative available that would satisfy the standards articulated in Turner v. Safley, 482 U.S. 78, 89-90 (1987). The court suggested return mail be stamped with information to assist senders in obtaining an inmate addressee's inmate number so that mail eventually could be delivered by use of the numerical system.
 
 
 5
 In this appeal, the inmates contend the district court's suggested modification, which the prison has implemented, is insufficient to correct the constitutional violation.
 
 DISCUSSION
 
 6
 "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Several factors are relevant to determine whether a challenged regulation is reasonable. Id. We have summarized these Turner factors:
 
 
 7
 (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it;
 
 
 8
 (2) whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates;
 
 
 9
 (3) the impact that accommodation of the asserted right will have on guards, other inmates, and prison resources; and
 
 
 10
 (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.
 
 
 11
 Friedman v. State of Arizona, 912 F.2d 328, 331 (9th Cir.1990), citing Harper v. Wallingford, 877 F.2d 728, 732 (9th Cir.1989) (emphasis in original).
 
 
 12
 The first Turner factor involves multiple considerations. "[W]e must determine whether the governmental objective underlying the regulation at issue is legitimate and neutral, and that the regulations are rationally related to that objective." Thornburgh v. Abbott, 490 U.S. 401, 414 (1989).
 
 
 13
 Here, the government asserts two objectives, security and efficiency. Security is a legitimate penological interest. See Turner, 482 U.S. at 91; Friedman, 912 F.2d at 331. Efficiency is related to factors three and four, discussed infra. As used in Turner, a regulation or practice is "neutral" if it "further[s] an important or substantial government interest unrelated to the suppression of expression." Abbott, 490 U.S. at 415.
 
 
 14
 The regulation is content neutral and is intended to further legitimate objectives of security and efficiency within the prison. As the district court noted, "there is a rational connection between the mail policy and security interests in that tensions could develop from delivery of mail to the wrong inmate. Since many inmates have identical names, it would be impossible to avoid such tensions through an alphabetical system." Dist.Ct.Ord. filed 11/29/90, p. 3.
 
 
 15
 The second Turner factor relates to alternative means for the inmates to exercise their constitutional rights. The district court pointed out that the original ADOC policy allowed no alternative means for the inmates to receive mail on which their inmate numbers were missing. In response to the district court's suggestion to stamp appropriate information on returned mail, the ADOC modified its policy. The second Turner factor has been satisfied.
 
 
 16
 The third Turner factor relates to the impact the modified policy will have on guards, other inmates, and prison resources. We agree with the common sense notion that a numerical system is more efficient than an alphabetized system, and will be less taxing than the latter upon guards and prison resources. The impact upon inmates should be beneficial, because the senders of mail will now be able to obtain the inmate numbers to assure delivery. Incoming mail which lacks an inmate number will be delayed, but the delay is unavoidable given the prison's legitimate interests in security and efficiency. The numerical delivery system, as modified, will not unduly interfere with the inmates' right to receive mail.
 
 
 17
 The fourth Turner factor is also satisfied. The prison has modified its numerical delivery system to accommodate the inmates' rights at de minimis cost to the institution's penological interests.
 
 
 18
 We conclude the modified ADOC mail policy is "reasonably related to legitimate penological interests," Turner, 482 U.S. at 78, with one exception. Where an inmate's incoming mail lacks the inmate's number but there is no other inmate of the same name, the prison has no reason not to deliver the mail. The district court's order shall be modified to require delivery in these circumstances.
 
 
 19
 AFFIRMED, as modified.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3